THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN FREDERICK LEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 16-00044-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 27, 2016, Plaintiff John Leathers filed a motion to proceed in forma pauperis (Doc. 1) and a document the Court liberally construes as a civil rights Complaint (Doc. 2). The motion to proceed in forma pauperis will be granted, but the allegations in the Complaint are barred by the applicable statute of limitations and judicial immunity. The Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Leathers filed a Motion to Proceed in Forma Pauperis that the Court finds sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. §1915(a).

## II. STATEMENT OF CASE

### A. Parties

Mr. Leathers is currently housed at Montana State Hospital. He is

1

proceeding without counsel. On the form Complaint, Mr. Leathers names the following Defendants: Montana C.S.E.D.[1], Echo D. Nissen, Judge Jon Larson, Celeste Willis, and Judge Leslie Halligan. These are the only Defendants against whom he makes specific allegations. (Complaint, Doc. 2 at 4.) Attached to the Complaint is a list of 35 defendants (Doc. 2-1), but except for the parties listed above, Mr. Leathers makes no allegations against these individuals.

**B. Allegations**

Mr. Leathers alleges that based upon false reports by Echo Nissen, courts and the Department of Family Services "generated false and fraudulent revenues generated to defame his character." He contends he was falsely arrested and coerced to plead guilty. (Complaint, Doc. 2 at 4.)

Mr. Leathers accuses Echo Nissen of "parenting interference" and attempted murder in January 2007. He alleges that Judges Larson and Halligan interfered with his parenting, subjected him to excessive bail, and had him illegally arrested four times between September 7, 2015, and now. He accuses Judge Sam Warren of illegal arrest and rape in 2000. He accuses Judge McLean of torture and undue process of law from December 31, 2012, to November 7, 2013, and of coercing

---

[1] Presumably Mr. Leathers is referring to the Child Support Enforcement Division (CSED) of the Montana Department of Public Health and Human Services.

him to plead guilty. He accuses the Missoula County Detention Facility of rape in September 2007 and Celeste Willis (the possible director of Planet Kids) of "parenting interference." (Complaint, Doc. 2 at 4.) He seeks full custody of his biological children after the Court completes a paternity test and $26,000,000.00 in punitive damages. (Complaint, Doc. 2 at 6.)

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

**A. Standard**

As Mr. Leathers is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must

3

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

The majority of Mr. Leathers's claims are barred by the applicable statute of limitations. There is a three-year statute of limitations applicable to Section 1983

4

cases in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27–2–204(1). Mr. Leathers filed his Complaint on May 27, 2016; therefore, all incidents occurring prior to May 27, 2013, are barred by the applicable statute of limitations.

While Mr. Leathers brings some claims that may arguably be within the statute of limitations, he brings those allegations against state court judges who are entitled to judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judges Larson, Halligan, Warren, and McLean's rulings in Mr. Leathers's state court proceedings are "unquestionably [ ] judicial acts." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judges Larson, Halligan, Warren, and McLean are entitled to judicial immunity from suit.

## IV. CONCLUSION

As set forth above, Mr. Leathers's claims are barred by the applicable statute of limitations and/or by judicial immunity. These are not defects Mr. Leathers could cured by alleging additional facts. The Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma

pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because Mr. Leathers failed to file within the applicable statue of limitations. *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Leathers's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed May 27, 2016.

3. At all times during the pendency of this action, Mr. Leathers must immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Leathers's failure to file within the applicable statute of limitations.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Leathers may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 20th day of June, 2016.

                               */s/ John Johnston*
                               John Johnston
                               United States Magistrate Judge